IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Malcolm Muhammad,<br>    Petitioner,<br><br>v.<br><br>Harold Clarke,<br>    Respondent. | )<br>)<br>)<br>)    1:22-cv-528 (RDA/JFA)<br>)<br>)<br>) |

## MEMORANDUM OPINION

Malcolm Muhammad ("Petitioner" or "Muhammad"), a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the April 13, 2020 order of the Circuit Court of Brunswick County, Virginia denying his motion for preservation of evidence. Muhammad alleges the denial of his motion without a hearing denied him due process, and that his rights were violated in the subsequent appellate litigation and the denial of a state habeas petition.[1] Respondent filed a Rule 5 Answer and a Motion to Dismiss, with supporting briefs and exhibits. [Dkt. Nos. 10-11]. Petitioner was advised of his right to file responsive materials pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K) to the motion to dismiss [Dkt. No. 12], and he filed a response. [Dkt. No. 15]. Accordingly, this matter is now ripe for disposition. For the reasons that follow, the Respondent's Motion to Dismiss must be granted and the petition will be dismissed with prejudice.

---

[1] *See* Va. Code § 19.2-270.4:1 (statute allows a person convicted of a felony to request that the court of conviction order the preservation of specifically identified human biological evidence).

I. BACKGROUND

A. Related Prior Federal Litigation

The motion for preservation of evidence is related to Muhammad's June 9, 2008 convictions in the Circuit Court of Brunswick County for first-degree murder in violation of Virginia Code § 18.2-32 and robbery in violation of Virginia Code § 18.2-58. Case Nos. CR06000179-00 and 01. He was sentenced to life in prison for murder, plus ten years' imprisonment for the robbery. The Court's records reflect that Muhammad filed a federal habeas petition in 2011 challenging his 2008 convictions, which the Court dismissed on January 26, 2012. Muhammad's subsequent appeal was dismissed by the Fourth Circuit. *Muhammad v. Clarke*, Case No. 1:11-cv-345, 2012 WL 259869 (E.D. Va. Jan. 26, 2012), *appeal dismissed*, 474 F. App'x 979 (4th Cir. 2012) ("*Muhammad I*").[2] Muhammad filed a second federal petition habeas petition attacking the same convictions that the Court dismissed on January 7, 2015 for lack of jurisdiction, because Muhammad had not obtained leave from the Fourth Circuit to file a successive federal petition. *Muhammad v. Clarke*, No. 1:14-cv-1772, 2015 WL 11110845 (E.D. Va. Jan. 7, 2015), *appeal dismissed*, 602 F. App'x 935 (4th Cir. 2015) ("*Muhammad II*").

Petitioner has also filed a complaint pursuant to 42 U.S.C. § 1983 alleging the trial prosecutor and others had violated his due process rights when the Circuit Court of Brunswick County denied his February 21, 2013 motion seeking the preservation of evidence. *Muhammad v. Green, et al.*, No. 1:14-cv-662, Dkt. No. 10-1 at 1-19. ("*Muhammad III*"). This Court dismissed the matter on April 7, 2015 after finding that the matter should have been raised thorough a petition for a writ of habeas corpus, *id.*, Dkt. No. 15 at 4 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487

---

[2] The post-conviction history challenging Muhammad's convictions is detailed in the Court's 2012 Memorandum Opinion denying him federal habeas relief.

2

(1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005); implicated the validity of the conviction and therefore violated the rule in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); and did not state a claim because Muhammad had only named defendants that were immune from suit, *id.* at 5; *Pierson v. Ray*, 386 U.S. 547 (1967) (judge); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976) (prosecutor); *Scott v. Dixon*, 720 F.2d 1542, 1546 (11th Cir. 1983) (deputy clerk). Muhammad appealed.

> The Fourth Circuit summarized the § 1983 claim as follows:
>
> Muhammad contended that his due process rights were violated when a Virginia state court denied his postconviction motion, made pursuant to Va. Code Ann. § 19.2-270.4:1 (2015), for preservation of certain items of evidence. Muhammad hoped to have DNA testing performed on the evidence and that the results of such testing would establish his innocence of first-degree murder. Muhammad's chief contention was that, by allegedly requiring that he prove that the evidence in question constituted human biological evidence, the state court incorrectly interpreted and applied the statute and thereby violated his due process rights.

*Muhammad v. Green*, 633 F. App'x 122, 122 (4th Cir. 2016). The Fourth Circuit found dismissal under *Heck* was error, but affirmed on alternative grounds.

> First, there is no substantive due process right to the postconviction preservation and testing of DNA evidence. *District Attorney's Office for the Third Judicial Circuit v. Osborne*, 557 U.S. 52, 72 (2009); *see also Skinner*, 562 U.S. at 525 (2011)]. Second, with respect to the claimed violation of procedural due process, we note that Muhammad does not claim that § 19.2-270.4:1 is itself invalid. Rather, he contends that the state circuit court erroneously applied the statute in deciding his case. Lower federal courts lack jurisdiction over this claim under the *Rooker-Feldman* doctrine.[] *Cf. Skinner*, 562 U.S. at 531-32; see Exxon *Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).
>
> We therefore affirm the dismissal of Muhammad's substantive due process claim and dismiss, for want of jurisdiction, his procedural due process claim.

*Muhammad*, 633 F. App'x at 123 (footnote omitted).

B. Relevant State Litigation

Muhammad filed a motion for the preservation of evidence in the circuit court pursuant to Virginia Code § 19.2-270.4:1 on October 22, 2019. (CAV at 28-33). The motion, his third seeking

3

an order for preservation of evidence, was denied on April 13, 2020.[3] [Dkt. No. 11-1 at 22]; (CAV at 18-19, 24). Muhammad has also attached copies of the various pleadings and correspondence in the circuit court and subsequent appellate proceedings, which he also attached to the subsequent habeas petition he filed in the Supreme Court of Virginia. *Muhammad v. Clarke*, Record No 210806 (hereinafter "VSCT I"). The Court of Appeals dismissed his petition for appeal "for want of jurisdiction" on February 11, 2021. (CAV at 51; VSCT I at 71).[4]

On September 3, 2020, while his appeal was still pending in the Court of Appeals of Virginia, Muhammad filed a motion for an extension of time in the Supreme Court of Virginia. *Muhammad v. Commonwealth*, Record No. 210311 (hereinafter "VSCT II"). The Clerk notified Muhammad that his appeal was still pending in the Court of Appeals of Virginia, and that "there [wa]s no right of appeal concerning decisions denying preservation of human biological evidence."

---

[3] Copies of the relevant pleadings were attached to the petition for appeal Muhammad filed in the Court of Appeals of Virginia. *Muhammad v. Commonwealth*, Record No. 0700-20-2 (hereinafter "CAV"). Muhammad also attached copies of several of the prior pleadings filed in the circuit court to his state habeas petition. The attached documents included a copy of his motion for preservation; the prosecution's response; Muhammad's reply; the circuit court's April 13, 2020 order denying his motion; Muhammad's May 4, 2020 notice of appeal; Muhammad's June 1, 2020 petition for appeal; correspondence regarding the appeal; the Court of Appeals February 11, 2021 order dismissing his appeal; various correspondence and non-dispositive orders from the Supreme Court of Virginia; and the Supreme Court of Virginia's June 22, 2021 order dismissing his appeal. [Dkt. No. 11-1 at 1-93] VSCT I at 1-93).

[4] Muhammad filed his first motion for preservation of human biological evidence in 2013, and the circuit court denied it by order dated May 17, 2013. [Dkt. No. 11-1 at 42]; (CAV at 18-19). He appealed that decision to the Court of Appeals of Virginia, which dismissed the appeal on October 16, 2013 because it had "no jurisdiction." *Muhammad v. Commonwealth*, Record No. 0994-13-2 (https://www.vacourts.gov/caseinfo/home.html) (Court of Appeals, search "099413") (last viewed Mar. 1, 2023). The Supreme Court of Virginia refused his petition for appeal on April 15, 2014. *Muhammad v. Commonwealth*, Record No. 131961. [Dkt. No. 15 at 2] ((https://www.vacourts.gov/caseinfo/home.html) (Supreme Court of Virginia, search "Muhammad, Malcolm") (last viewed Mar. 1, 2023). *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

(VSCT II at 1-2, 5). On March 15, 2021, Muhammad filed a motion for an extension of time to file his petition for appeal, which the court denied on March 15, 2021. (VSCT II at 6-7, 12). Muhammad filed a motion for reconsideration on March 22, 2021, and a petition for appeal on March 29, 2021. (VSCT II at 13-18, 21-35). On April 30, 2021, the court denied the motion for an extension of time, and on June 22, 2021, the court found "that the appeal was not perfected in the manner provided by law because the appellant failed to timely file the petition for appeal," and dismissed the petition pursuant to "Rule 5: 17(a)(2)." (VSCT II at 41, 42).

Muhammad then filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on August 24, 2021. (VSCT I at 1). He alleged that the Court of Appeals of Virginia had abused its discretion in denying his motion to re-file his petition for appeal in Record No. 0700-20-2 "upon [his] showing of good cause," and the circuit court denied him "due process of law." (VSCT I at 11, 16). On November 29, 2021, the court dismissed the habeas petition because it found that "the petition for a writ of habeas corpus ... does not allege he is detained without lawful authority." (VSCT II at 99 (citing Va. Code § 8.01-654(A)(1)). The court denied Muhammad's petition for rehearing on February 4, 2022. (VSCT II at 106).[5]

## II. Federal Petition

Muhammad filed the present federal habeas petition on April 27, 2022 in which he raised three claims.

> Ground One: Petitioner was denied due process of law under the Fourteenth amendment to the U.S. Constitution when the circuit court dismiss[ed] Petitioner's motion for preservation of biological evidence without a[] hearing under Va. Code § 19.2-270.4:1, which itself [is] invalid. [Dkt. No. 1-1 at 2].

---

[5] Thereafter, Muhammad filed a notice of appeal in the Supreme Court of Virginia indicating he was appealing the court's decision to this Court. (VSCT II at 107). "The role of a federal habeas corpus petition is not to serve as an additional appeal." *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir. 1960).

>Ground Two: Petitioner was denied due process of law under the Fourteenth amendment to the U.S. Constitution when the Court of Appeals of Virginia denied Petitioner's motion for extension of time to re-file petition under good cause. [*Id.* at 3].
>
>Ground Three: Petitioner was denied due process of law under the Fourteenth amendment to the U.S. Constitution when Petitioner was denied his petition for a writ of habeas corpus. [*Id.* at 4].

The Respondent argues the federal petition is untimely, the claims are defaulted, and Muhammad has not raised a federal question. Muhammad argues that his petition is timely because he is challenging the April 13, 2020 order denying his motion to preserve (not his conviction in 2008), and that tolling applied while the matter was appealed. [Dkt. No. 15 at 1-2]. Muhammad also asserts his claims are not defaulted and that he has asserted a constitutional claim.

### III. ANALYSIS

Muhammad admits that his federal habeas petition does not challenge the validity of his conviction or sentence but, instead, attacks the order denying his motion to preserve human biological evidence on April 13, 2020. Accordingly, he argues that attacking the April 13, 2020 order makes his federal petition "timely" because the federal petition "is based upon the fact of a new court order that issued on 4/13/20." [Dkt. No. 15 at 1]. Muhammad's argument, unintentionally, negates the need for the Court to address the statute of limitations argument because it is apparent that all three claims advanced in the federal petition are insufficient to invoke habeas jurisdiction.[6]

---

[6] If Muhammad had been challenging the validity of his 2008 convictions, his petition would be barred as successive because he has not been granted leave by the Fourth Circuit to file a successive writ. It is also clear that if the petition is construed as challenging the validity of the 2008 convictions, not only is the petition barred as successive but it is also untimely and barred by the federal statute of limitations. In addition, the Court of Appeals of Virginia lacked jurisdiction to entertain Muhammad's appeal (which Muhammad knew from the dismissal of his appeal in 2013, *see supra* note 4), and therefore the time after the April 13, 2020 dismissal through the end of his "appeal" on June 22, 2021 when the Supreme Court of Virginia dismissed his appeal, was not tolled because there was no appellate jurisdiction to consider the denial of the motion which

First, Muhammad is not in custody pursuant to the April 13, 2020 order denying his motion for preservation. *Hall*, 332 F. Supp. 2d at 909 (explaining that the "judgment" referred to in §2244(d)(1)(A) is "the judgment that resulted in the custody prison sentence challenged in the federal habeas petition and not any judgment or decision disposing of any subsequently-filed motion"). Second, Muhammad, at best, is alleging errors in a post-conviction collateral proceeding, and "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988); *see Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) (holding there is no constitutional right to state post-conviction review).[7] "[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) (citing *Bryant*, 848 F.2d at 493).[8]

---

renders the appeal not properly filed. *See Hall v. Johnson*, 332 F. Supp. 2d 904, 909 (E.D. Va. 2004) (observing that since the court "lacked jurisdiction to entertain" the motion, the "motion was not 'properly filed'" and "the § 2244(d) one-year limitations period was not tolled during the pendency of that motion and subsequent appeals stemming from denial of the motion.").

[7] *See also United States v. Dago*, 441 F.3d 1238, 1248 (10th Cir. 2006) ("[D]ue process challenges to post-conviction procedures fail to state constitutional claims cognizable in a federal habeas corpus proceeding."); *Moore v. Dretke*, 369 F.3d 844, 846 (5th Cir. 2004) ("[A]n attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." (cleaned up)).

[8] The appellate records establish that Muhammad filed his motion for extension of time in the Supreme Court of Virginia on September 3, 2020, and not the Court of Appeals. (VSCT I at 1-2). The Supreme Court's deputy clerk informed Muhammad in a letter dated the next day, September 4, 2020, that he had no petition for appeal pending in that court; his appeal was still pending in the Court of Appeals, and that he also had no right to appeal a decision denying preservation of human biological evidence. (VSCT I at 5).

Here, Muhammad's claim are premised upon errors of state law. He argues that the circuit court erred in applying § 19.2-270.4:1 when it denied his motion on April 13, 2020 without a hearing; that the Court of Appeals erred in denying him an extension of time on his appeal of the April 13, 2020 ruling; and that the Supreme Court of Virginia erred in denying his petition for a writ of habeas corpus, which challenged the alleged denial of his motion for an extension of time by the Court of Appeals.[9] Claims that rest upon an interpretation of state law, however, are "not cognizable on federal habeas review." *Lawrence*, 552 F.3d at 368; *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) ("It is beyond the mandate of federal habeas courts ... to correct the interpretation by state courts of a state's own laws."); *see, e.g., Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) (rejecting petitioner's more liberal interpretation of a state statute that had been strictly construed by state appellate courts because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). As the Fourth Circuit has held:

> "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 67-69 (1991); *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) ("It is black letter law that a federal court may grant habeas relief only on the ground that [the petitioner] is in custody

---

[9] Several district courts have ruled on various challenges related to Virginia's post-conviction DNA testing. Regarding appeals, "[a]ny right to appeal, if one exists, 'is purely a creature of statute.' *Abney*, 431 U.S. at 656. Thus, a state legislature (not the dictates of any federal constitutional provision) determines whether or not to provide an appellate procedure in any statutory scheme implemented as state law." *Helfrick v. Rabb*, No. 7:20-cv-689, 2021 WL 5632583, at *3 (W.D. Va. Dec. 1, 2000). A judge of this Court found that a claim a state judge had "erred by denying his motion [for scientific testing] without holding a hearing" was frivolous because the federal court lacked jurisdiction to review the state court's ruling. *Villafana v. Padrick*, No. 3:20cv28, 2020 WL 5834672, at *5 (E.D. Va. Sept. 30, 2020) *aff'd*, 857 Fed. Appx. 151 (4th Cir. 2021).

> in violation of the Constitution or laws or treaties of the United States.") (quotation marks omitted).

*Larry v. Branker*, 552 F.3d 356, 368 (4th Cir. 2009).

The Western District of Virginia considered a similar claim by an inmate regarding the denial a motion for DNA testing by a Virginia circuit court and concluded that the inmate's

> contention that the state court misapplied state law in adjudicating his motions concerning DNA testing is, in essence, an appeal. Lower federal courts, like this one, do not have jurisdiction to review the judgments of state courts on appeal. *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. *Id.*; 28 U.S.C. § 1257.

*Ealy v. Clark*, No. 7:18-cv-284, 2018 WL 6440885, at *5 (W.D. Va. Dec. 7, 2018).

Finally, Muhammad cannot prevail on alleged errors of state law, especially sincce the Fourth Circuit has found in Muhammad's related § 1983 proceeding that he has "no substantive due process right to the postconviction preservation and testing of DNA evidence," nor does he have a "procedural due process" claim based upon an alleged erroneous application of § 19.2-270.4:1 "in deciding his case." *Muhammad*, 633 F. App'x at 123. "An error of state law is not enough to issue a writ of habeas corpus [because § 2254(a)] provides that the writ may issue 'only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.' A federal court may not issue the writ on the basis of a perceived error of state law.'" *Jones v. Thieret*, 846 F.2d 457, 459 (7th Cir. 1988) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).

9

## IV. CONCLUSION

For the foregoing reasons, respondent's Motion to Dismiss [Dkt. No. 9] is granted, and this petition must be dismissed with prejudice. An appropriate Order and judgment shall issue.[10]

Entered this __2__ day of __March__ 2023.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[10] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner fails to meet this standard.